IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

PAUL EDWARD WEBER,            )
                              )
        Petitioner,           )
                              )
   v.                         ) Civ. No. 15-506-SLR
                              )
DAVID PIERCE, Warden, and     )
ATTORNEY GENERAL OF THE       )
STATE OF DELAWARE,            )
                              )
        Respondents.          )

**MEMORANDUM**

At Wilmington this 7th day of October, 2015, having reviewed the above captioned case, the court will dismiss petitioner Paul Edward Weber's ("petitioner") "petition for expungement via writ of habeas corpus, coram nobis, and/or audita querela." (D.I. 1) for the reasons that follow:

1. **Background.** In 2001, a Delaware Superior Court jury convicted petitioner of second degree forgery and misdemeanor theft. *See Weber v. State*, 812 A.2d 225 (Table), 2002 WL 31235418, at *1 (Del. Oct. 4, 2002). He was sentenced to thirty days of imprisonment at Level V for each conviction. *Id.* Petitioner appealed his convictions and sentences to the Delaware Supreme Court, which dismissed the appeal for lack of jurisdiction because petitioner's term of imprisonment for each conviction did not exceed one month. *Id.*

2. In 2004, petitioner was indicted on charges of attempted first degree robbery and attempted first degree carjacking. *See Weber v. State*, 38 A.3d 271, 274 (Del.

2012). In 2005, a Delaware Superior Court jury convicted him of both charges, and he was sentenced to a total of twenty-eight years of imprisonment at Level V (twenty-five years for the robbery conviction and three years for the carjacking conviction). *Id*. On appeal, the Delaware Supreme Court affirmed petitioner's conviction for attempted first degree carjacking, but reversed his conviction for attempted first degree robbery and remanded the case back to the Superior Court for a new trial. *Id*. In 2010, the State retried petitioner for attempted first degree robbery, and a Delaware Superior Court jury convicted him of that offense. *Id*. The State moved to declare petitioner a habitual offender, and the Superior Court granted that motion following a habitual offender hearing. *Id*. Petitioner was subsequently sentenced to twenty-five years of imprisonment at Level V for the robbery conviction. The Delaware Supreme Court affirmed that conviction and sentence. *Id*.

3. In February 2013, petitioner filed a counseled habeas application in this court, challenging his 2010 conviction for attempted first degree robbery. *See Weber v. Phelps*, Civ. A. No. 13-283-SLR. That habeas proceeding is presently stayed. *See* D.I. 20 in *Weber v. Phelps*, Civ. A. No. 13-283-SLR. The attorney representing petitioner in the instant proceeding is the same attorney who filed petitioner's pending habeas application and is also the same attorney who represented petitioner in the state court criminal proceedings relevant to the instant petition.

4. In June 2015, petitioner's counsel filed the instant petition for expungement via habeas corpus/coram nobis/audita querela. (D.I. 1) The petition asserts that the State improperly relied upon petitioner's 2001 forgery conviction to enhance his 2010 sentence for attempted first degree robbery "nearly ten-fold," and that "this untenable

2

and unjust circumstance resulted in the imposition of a twenty-five minimum mandatory sentence." (D.I. 1 at 2-3) The petition alleges that petitioner's 2001 second degree forgery conviction is unconstitutional because of court errors and improper jury instructions, and that petitioner had no remedy at law to challenge the validity of his 2001 conviction. (D.I. 1 at 6-10)

5. **Standard of Review.** Federal courts have authority to issue a writ of error coram nobis under the all writs act, which permits "courts established by an Act of Congress" to issue "all writs necessary or appropriate in aid of their respective jurisdictions." 28 U.S.C. § 1651. The availability of coram nobis relief is limited to situations where the petitioner's sentence has been served, the petitioner shows exceptional circumstances and continuing collateral disadvantages, and alternative remedies (such as habeas corpus) are not available. *United States v. Denedo*, 556 U.S. 904, 911 (2009). *Id.* at 911. Significantly, however, coram nobis relief is not available in federal court as a means of attacking a state court judgment. *See Obado v. New Jersey*, 328 F.3d 716, 718 (3d Cir. 2003). Rather, a person seeking coram nobis relief with respect to a state court conviction must pursue such relief in state court, not federal court. *Id.*

6. In turn, "[t]he common law writ of audita querela permitted a defendant to obtain relief against a judgment or execution because of some defense or discharge arising subsequent to the rendition of the judgment." *Massey v. United States*, 581 F.3d 172, 174 (3d Cir. 2009)(internal citations omitted). The "writ is available in criminal cases to the extent that it fills in gaps in the current system of post-conviction relief." *Id.*

3

7. As for applications seeking habeas relief from state court convictions filed pursuant to 28 U.S.C. § 2254, a federal district court only has jurisdiction over a habeas application when the petitioner is in custody pursuant to the state court judgment "he is attacking at the time the habeas petition is filed." *Obado v. New Jersey*, 328 F.3d 716, 717 (3d Cir. 2003); 28 U.S.C. § 2254(a). A district court judge may summarily dismiss a habeas application "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief." Rule 4, 28 U.S.C. foll. § 2254.

8. **Discussion**. In this case, petitioner challenges the legality of his 2001 Delaware Superior Court conviction and sentence for second degree forgery. The court's power of coram nobis review is limited to challenges associated with federal convictions. Thus, to the extent the instant filing may be considered a "true" petition for a writ of coram nobis, it is dismissed for lack of jurisdiction.

9. To the extent petitioner seeks relief via the writ of audita querela, his argument is similarly unavailing. The writ of audita querela is generally limited to **federal** criminal cases, See *Quintana v. Nickolopoulos*, 768 F. Supp. 118, 120 (D. N.J. 1991), and a federal prisoner may not seek a writ of audita querela if he can seek redress under § 2255. *See Massey*, 581 F.3d at 174. Here, because petitioner is challenging the validity of his 2001 state conviction and/or sentence, his exclusive remedy is a writ of habeas corpus pursuant to 28 U.S.C. § 2254, even though, as explained below, he cannot satisfy AEDPA's gatekeeping requirements for bringing a § 2254 application challenging his 2008 state conviction and/or sentence. *See Quintana*, 768 F. Supp. at 120; *Massey*, 581 F.3d at 174 ("Massey may not seek relief through a petition for a writ of audita querela on the basis of his inability to satisfy the

4

requirements of the Antiterrorism and Effective Death Penalty Act of 1996 for filing a second or successive § 2255 motion to vacate sentence.").

10. To the extent the instant filing constitutes an application for habeas relief pursuant to 28 U.S.C. § 2254, the court lacks jurisdiction over the proceeding. Petitioner's one month sentence of imprisonment imposed for his 2001 conviction was fully discharged approximately fourteen years ago, long before he filed the instant petition. Therefore, petitioner does not satisfy § 2254's "in custody" requirement for challenging his 2001 conviction.[1]

11. Finally, to the extent petitioner alternatively requests the court to expunge his criminal record with respect to his 2001 conviction for second degree forgery in the Delaware Superior Court, the court does not have inherent jurisdiction or ancillary jurisdiction to expunge state court criminal records. See Cole v. Pennsylvania, 2015 WL 5093366, at *5 (M.D. Pa. Aug. 28, 2015).

12. The court declines to issue a certificate of appealability, because reasonable jurists would not find the court's conclusion that it lacks jurisdiction over the instant petition to be debatable. See 28 U.S.C. § 2253(c)(2); United States v. Eyer, 113 F.3d 470 (3d Cir. 1997); 3d Cir. L.A.R. 22.2 (2011).

---

[1] Even if the "enhanced" habitual sentence imposed for petitioner's 2010 conviction for attempted first degree robbery could be characterized as a collateral consequence of his 2001 forgery conviction, collateral consequences are relevant for determining the mootness of the case, not whether a petitioner satisfies the custody requirement of § 2254. See Spencer v. Kemna, 523 U.S. 1, 7-8 (1998); Obado, 328 F.3d at 718 n.2. To the extent petitioner's instant argument should be construed as challenging the sentence imposed for his 2010 robbery conviction, petitioner has already filed a § 2254 application challenging that conviction that is presently pending before this court.

5

13. **Conclusion.** For the above reasons, the court will dismiss the instant petition for expungement via writ of habeas corpus, coram nobis, and/or audita querela for lack of jurisdiction. A separate order shall issue. See Fed. R. Civ. P. 58(a).

_____
UNITED STATES DISTRICT JUDGE